# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Northern Division*

| | | |
|---|---|---|
| MAMASADIK TAUBOYEV, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: DLB-19-3293 |
| DEPARTMENT OF HOMELAND SECURITY, CITIZENSHIP AND IMMIGRATION SERVICES, | * * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Mamasadik Tauboyev married Ilhem Hermassi in Tunisia, her native country, on July 26, 2017. Compl. 1, ECF No. 1; *see also* Def.'s Mem. Ex. 1, ECF No. 18-2. Tauboyev then filed a Form I-130 Petition for Alien Relative ("Petition") so that Hermassi would be able to immigrate to the United States, and the United States Citizenship and Immigration Services ("USCIS") approved the Petition on March 23, 2018.[1] *Id.* But then the United States Embassy in Tunisia "decided [the Petition was] unsatisfactory," and on January 28, 2019, directed USCIS to reconsider it. *Id.* at 1–2. Tauboyev filed this lawsuit against the Department of Homeland Security, Citizenship and Immigration Services, on November 15, 2019, complaining that USCIS had not reconsidered the Petition yet and that the "unreasonable and untenable" delay was "denying [him his] right to be with [his] wife." *Id.* at 2. As relief, he asks the Court to "order . . . USCIS to review and approve [the] I-130 within 1 week, if there is no wrongdoing by Plaintiff and his wife." *Id.* at 3.

---

[1] A Form I-130 Petition "is a means by which a U.S. citizen . . . may 'petition for immediate relative status on behalf of [an] alien spouse[ ] so that the alien spouse[ ] may immigrate to the United States.'" *Poh v. Nielsen*, No. PWG-17-3825, 2019 WL 1002596, at *2 (D. Md. Mar. 1, 2019) (quoting *Roland v. U.S.C.I.S.*, 850 F.3d 625, 629 (4th Cir. 2017)).

Defendant filed a timely motion to dismiss, ECF No. 18, on February 2, 2020, arguing that this Court lacked subject matter jurisdiction because "USCIS revoked its prior approval of the Form I-130 Petition" on January 28, 2020, rendering the complaint moot. Def.'s Mem. 1, ECF No. 18-1. Alternatively, Defendant contends that, "[t]o the extent the Court would interpret Plaintiff's complaint as asking the Court to review USCIS's revocation of Plaintiff's Form I-130 under the Administrative Procedure Act, 5 U.S.C. § 701, *et seq.*, such decision is a matter of agency discretion and therefore unreviewable by this Court." *Id.* at 4. Tauboyev acknowledges that his "I-130 petition was revoked by USCIS," but states that he is appealing USCIS's decision and "ask[s] [the Court] not to dismiss this case while [he is] filing [the] appeal to reverse [the] USCIS decision." Pl.'s Opp'n, ECF No. 20.[2] Because this Court lacks jurisdiction over Plaintiff's complaint, Defendant's motion to dismiss is granted.

## Standard of Review

Defendant moves to dismiss Tauboyev's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), "which allows [a party] to assert lack of subject matter jurisdiction by motion as a defense to a claim for relief." *Musari v. Countrywide Home Loans*, No. PWG-15-3028, 2016 WL 4124227, at *2 (D. Md. Aug. 3, 2016). "A court should grant a Rule 12(b)(1) motion 'if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *El-Amin v. Int'l Longshoremen's Ass'n Local No. 333*, No. CCB-10-3653, 2011 WL 2580630, at *2 (D. Md. June 28, 2011) (quoting *Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999)). When a motion "allege(s) that 'the jurisdictional allegations in the complaint are not true,'" or, as here, no longer true, "then 'the Court may . . . consider matters beyond the allegations in the complaint.'" *Id.* (quoting *Fontell v. MCGEO UFCW Local 1994*, No. AW-09-2526, 2010 WL 3086498, at *3 (D. Md. Aug. 6,

---

[2] Defendant has not filed a reply and the time for doing so has passed. *See* Loc. R. 105.2(a). A hearing is not necessary. *See* Loc. R. 105.6.

2010)); *see Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). The Court considers the allegations in the complaint "as mere evidence on the issue" and also may consider evidence, including affidavits, declarations, and testimony, without converting the motion before it to a summary judgment motion. *See id.* (quoting *Richmond, Fredericksburg & Potomac Ry. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). The plaintiff bears the burden of proving that the Court has subject matter jurisdiction. *See id.* at *3; *see also Evans*, 166 F.3d at 647.

Under the limits that the U.S. Constitution sets on federal courts' jurisdiction, "the issue before the court [must be] a 'case or controversy.'" *See Watkins v. Napolitano*, No. RWT-11-2257, 2012 WL 4069763, at *2 (D. Md. Sept. 14, 2012) (quoting U.S. Const. art. III, § 2, cl. 1). Therefore, "the issue brought before the court cannot be moot," that is, the issues presented must be ongoing. *Id.*; *see also Renne v. Geary*, 501 U.S. 312, 320–21 (1991); *Powell v. McCormack*, 395 U.S. 486 (1969). When a defendant argues for dismissal based on mootness, "[t]he defendant has the burden of establishing that a case is moot." *Watkins*, 2012 WL 4069763, at *2 (citing *United States v. W.T. Grant Co.*, 345 U.S. 629, 632–33 (1953)).

Additionally, the case must be ripe. *See Clark v. Almy*, No. SAG-19-01437, 2019 WL 5064660, at *2 (D. Md. Oct. 9, 2019) (noting that "ripeness concerns the Article III case or controversy requirement").

> The doctrine of ripeness prevents judicial consideration of issues until a controversy is presented in "clean-cut and concrete form." *Rescue Army v. Mun. Court of L.A.*, 331 U.S. 549, 584, 67 S.Ct. 1409, 91 L.Ed. 1666 (1947). The burden of proving ripeness falls on the party bringing suit. *Renne v. Geary*, 501 U.S. 312, 316, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991). . . .
>
> To determine whether the case is ripe, [courts] "balance 'the fitness of the issues for judicial decision with the hardship to the parties of withholding court consideration.'" *Franks v. Ross*, 313 F.3d 184, 194 (4th Cir. 2002) (quoting *Ohio Forestry Ass'n v. Sierra Club*, 523 U.S. 726, 733, 118 S.Ct. 1665, 140 L.Ed.2d 921 (1998)). A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties. *Charter Fed. Sav. Bank v. Office of Thrift Supervision,* 976 F.2d 203, 208 (4th Cir. 1992).

*Miller v. Brown*, 462 F.3d 312, 318–19 (4th Cir. 2006).

## Discussion

Defendant asserts that USCIS already granted the relief Tauboyev seeks, and Plaintiff agrees this is true. Thus, "[t]he material jurisdictional facts are not in dispute." *See Evans*, 166 F.3d at 647; *El-Amin*, 2011 WL 2580630, at *2. Defendant has met its burden of establishing mootness because there no longer is an issue for the Court to resolve. *See W.T. Grant Co.,* 345 U.S. at 632–33; *Watkins*, 2012 WL 4069763, at *2. Moreover, Plaintiff has not met his burden of proving subject matter jurisdiction. *See Evans*, 166 F.3d at 647; *Musari*, 2016 WL 4124227, at *3.

In his opposition, Tauboyev asks the Court to retain jurisdiction in case his appeal of USCIS's decision is not successful, because he then would argue that "USCIS disregarded and . . . misinterpreted US Immigration Laws." Pl.'s Opp'n 1. But this has not happened yet; it is "dependent on future uncertainties." *See Miller*, 462 F.3d at 319 (quoting *Charter Fed. Sav. Bank*, 976 F.2d at 208). Therefore, the matter is not ripe for this Court's review. *See id.* Accordingly, Defendant "is entitled to prevail as a matter of law," and its motion to dismiss for lack of subject matter jurisdiction is granted.[3] *See Evans*, 166 F.3d at 647; *El-Amin*, 2011 WL 2580630, at *2.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is, this 8th day of April, 2020, hereby ORDERED that Defendant's Motion to Dismiss, ECF No. 18, IS GRANTED and the Clerk SHALL CLOSE this case.

/S/
Deborah L. Boardman
United States Magistrate Judge

---

[3] Because Tauboyev's claim is moot and the issue he presents in his opposition is not ripe for review, the Court need not consider Defendant's alternative argument that USCIS's decision is unreviewable as a matter of agency discretion.

4